UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-25319-CIV-CMA

JUAN H. ROMERO, and all others similarly )
situated under 29 U.S.C. 216(b), )
 )
          Plaintiff, )
vs. )
 )
LATIN GROUP, INC. d/b/a LATIN CAFE, )
ELISIA SUAREZ MORE, )
 )
          Defendants. )
_____ )

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW the Plaintiff, by and through undersigned counsel, pursuant to Fed.R.Civ.P. Rule 56 and SDLR 7.5, and moves for Summary Judgment against Defendants, jointly and severally, and in support thereof states as follows:

1. This matter sounds under the Fair Labor Standards Act ("FLSA" or the "Act") 29 U.S.C. §§ 201-216 for unpaid overtime. [DE7].

2. Plaintiff moves for Partial Summary Judgment and asks the Court to find that: (a) liability has been established, and, hence, under the prevailing law, in light of the facts in this case, the Jury only needs to determine the amount of damages; (b) Defendants were Plaintiff's FLSA employer as a matter of law; and (c) Plaintiff was not exempt under the executive exemption.

3. Therefore, Summary Judgment should be granted in Plaintiff's favor as set forth *infra*.

## MEMORANDUM OF LAW

**Summary Judgment Standard.**

Pursuant to Fed.R.Civ.P. 56, a summary judgment should be granted if, following sufficient discovery, there is no genuine issue of material fact to be decided by a jury; therefore summary

1

judgment is to be granted as a matter of law. *Hoffman v. Allied Corp., et al.,* 912 F.2d 1379, 1383-84 (11th Cir. 1990), *citing, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining if a genuine issue exists, the court must query whether "a reasonable jury could return a verdict for the nonmoving party…." *Hoffman v. Allied Corp., et al.,* 912 F.2d at 1383. *See also, Beal v. Paramount Pictures Corporation*, 20 F.3d 454, 459 (11th Cir. 1994)("Summary Judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"); *Silas v. Hillsborough County*, 2006 U.S. Dist. LEXIS 79503, *3-4 (M.D. Fla. 2006)(in FLSA matter court found "[s]ummary judgment is proper if following discovery … there is no genuine issue as to any material fact….").

   a. **Liability Has Been Established.**

Plaintiff was not paid in accordance with the law with regards to payment of his overtime wages when he worked more than (40) hours in a single workweek. Defendants never consulted with the Department of Labor or with an accountant or with an attorney to ensure the business was in compliance with overtime laws. Elsia More Depo. P.26, 6-9; Maria Dobau Depo. P.25, L.9-13; P.84, 3-9. As set forth in Plaintiff's Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment, during the years 2015 through to and including 2018, Plaintiff worked more than forty (40) hours a week. Castillo Alonso Depo. P.25, L.5-10; Maria Dobau P.37, L.9-11. Plaintiff worked 12 hours a day six days a week, or 72 hours a week. Jorge Portillo Depo. P.24, L.18-21; Juan Romero Depo. P.19, L.13. During the years December 21, 2015 through to and including June 22, 2018, Plaintiff was not paid for the overtime hours worked. Salvatore Gonzalez Depo. P.7, L.17-19 ("when Juan Romero filed the lawsuit they started paying overtime, everybody, but not before."). Plaintiff is owed *some* overtime in this Lawsuit. Maria Dobau P.31, L.5-9.

> Q. But you would agree with me for six hours he was not paid anything at all?
>
> MR. KISZKIEL: Objection.
>
> THE WITNESS: It's fine. Yes.

Maria Dobau P.56, L.2-5.

Plaintiff was never paid according to the FLSA for hours worked over 40 hours in a week and therefore claims the applicable overtime rate for each hour worked above 40 in a week. There is FLSA coverage in this matter and if Plaintiff can establish he was an "employee," Defendants were obligated to pay Plaintiff overtime wages. Thus, liability has been established and, therefore a Jury only needs to determine the amount of damages.

### b. **Defendant Elsia More Was Plaintiff's FLSA Employer As a Matter Of Law as of May 2018**

The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973). "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.*, 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511.

Plaintiff worked for the Defendants as a cook for Defendants from on or about 2002 through on or about June 22, 2018. Pl. Aff. ¶1. "An FLSA plaintiff may seek relief from multiple

3

employers, as the statute contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA." *Mendoza v. Discount C.V. Joint Rack & Pinion Rebuilding, Inc.,* 101 F.Supp.3d 1282, 2190 (S.D. Fla. 2015) (Goodman, Mag. J)(quoting *Kendrick v. Eagle Int'l Group, LLC,* 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009)(Marra, J.)).

During the relevant time period, after Jose More passed, Plaintiff witnessed the individual Defendant, Elsia Suarez More, took control of everything including what was put on the menu. Pl. Aff ¶2; Jorge Portillo Depo. P.35, L13-14; Castillo Alonso Depo. P.9, L.10-12. Further, after Jose passed away Mrs. More was in charge of hiring and firing. Castillo Alonso Depo. P.10, L.7-9. Further, Mrs. More was in charge of scheduling, with Alejandro Castillo Alonso ("Alonso"). Alonso Deo. P.13, L.11-13. Essentially, when Mr. More passed Defendant Ms. Elsia More took over the running of the restaurant. Castillo Alonso Depo. P.31, L.23-25. She took control of the restaurant and control over the menu. Castillo Alonso Depo. P.36, L.12-20; Jorge Portillo Depo. P.35, L.17-19.

Q. And was that the same time that his wife became the boss?

A. The Boss.

Q. Is that a yes?

A. Yes. He passed away and she took over.

Jorge Costillo Depo. P.17, P.21-25.

Defendant Elsia More signs the checks, now that Jose More has passed away. Salvatore Gonzalez Depo. P.15, L.23-25. This demonstrates Defendant Elsia Suarez More had financial and logistical control over Plaintiff which are a significant factors in determining "employer" status. *See, Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co.*, 747

F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991).

On a daily basis, the individual Defendant, Elsia Suarez More, would instruct Plaintiff and the other employees as to their specific job activities. Pl. Aff. ¶3. The individual Defendant Elsia Suarez More had the authority to fire employees. Pl. Aff. ¶4. Plaintiff recalls on once or twice witnessing the individual Defendant Elsia Suarez More telling Plaintiff that she was the boss and to do what she wanted. Pl. Aff. ¶5. Defendant Elsia More runs the day to day operations of the restaurant. Jorge Portillo Depo. P.42, L.6-8. When Jose More died Defendant Elsia Mora came in charge of everything. Salvatore Gonzalez Depo. P.10, L.2-3.

In the case at bar, the record is clear that the individual Defendant Elsia Suarez More was Plaintiff's "employer." Defendant Elsia Suarez More would supervise employees. Pl. Aff. ¶6. During the relevant time period, after Jose More passed, the individual Defendant, Elsia Suarez More, would also make employees' schedules and ensure Plaintiff and his co-workers knew their responsibilities for the day. Pl. Aff. ¶7. Mr. Romero did not set the schedules. Maria Dobau Dep. P.77, P14-15.

Under the law set forth *supra* and such facts demonstrate that the individual Defendant Elsia Suarez More was Plaintiff's individual FLSA employers as a matter of law.

c. **Plaintiff Was Not Exempt Under the Executive Exemption**

Defendant failed to raise the executive exemption as an affirmative defense in their Answer with any specificity. [D.E. 11]. The first time the issue is properly raised by Defendants is in their Response to Plaintiff's First Request for Admissions and shortly thereafter in their

Amended Response to Plaintiff's Statement of Claim where they claim Mr. Romero was an exempt employee. [D.E. 25]. The Eleventh Circuit in *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251 (11th Cir. 2001) holds that employers must prove FLSA exemptions by "clear and affirmative" evidence. Thus, the burden to prove an exemption is on the Defendants. The following facts show that as a matter of law, the Plaintiff was not an exempt employee under the executive exemption.

**1. Executive Exemption**

An employee's job title is irrelevant in determining whether he or she is exempt as an "executive" under the FLSA. *Reich v. Newspapers of New England, Inc.*, 44 F.3d 1060, 1075 (1st Cir. 1995). 29 C.F.R. §541.2 expressly states: "A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part."

An employer must be able to show that each exempt executive employee meets every requirement of the executive exemption test. *Pezzillo v. Gen. Tel. & Electron. Inform. Sys. Inc.*, 414 F. Supp. 1257 (M.D. Tenn. 1976). An employee is subject to the executive exemption under the FLSA if the employer proves: (1) the employee earns at least $455.00 per week, (2) the employee's <u>primary duty</u> consists of the management of an enterprise or of a department thereof, (3) that the employee customarily and regularly directs the work of two or more other employees, and (4) the employee has authority to hire or to fire other employees. *See Ramirez v. Sharpton Brunson et al.*, 08-21739-COOKE (S.D. Fla. 9/28/09), where this Court granted that plaintiff summary judgment regarding the executive exemption. To customarily direct the work of two or more employees is a prerequisite for the executive exemption. See 29 C.F.R. 541.1 and

541.105.  In the case at bar, Defendants cannot demonstrate such direction of other employees, and no evidence shows otherwise. *See, Secretary of Labor v. Daylight Dairy Products, Inc.*, 779 F.2d 784 (1st Circuit 1985).

Defendants would also need to meet its burden under the 80-hour rule.  As stated by the First Circuit, a manager who meets the 80-hour rule only 76% of the time falls short of the requirement to customarily and regularly supervise 80 employee-hours of work. *Secretary of Labor v. Daylight Dairy Products Inc.*, 779 F.2d 784 (1st Cir. 1985).  The courts have used two other methods in trying to reach the *80 hour rule* in trying to determine whether the executive exemption applies: whether a plaintiff-employee supervised any employees after their work shift ended, or whether they were on call after leaving work.  *See Jackson v. Go-Tane Services, Inc.*, 2000 U.S. Dist. Lexis 12627  (Dist. Il. 2000). *Also see Krieg v. Pell's Incorporated*, 2002 U.S. Dist. Lexis 4861 (Dist. Indiana 2002) (eighty hour rule applies both during and after "manager's" shift.) *Also see Herman v. Harmelech et.al.*, 2000 U.S. Dist. Lexis 5523 (Dist. Il., 2000) (the employer must prove the eighty hour rule on a week by week basis rather than averaging all employees who were supervised over a broad span of time).  However, in the case at bar, Plaintiff did not supervise other employees at all. Salvatore Gonzalez Depo. P.11, L.13-14. Plaintiff's primary work was "preparer, a sweet maker, the ones that make the dessert, and the butcher. My work is everything that has to do with the food in the restaurant." Juan Romero P.37, L6-10.

When Mr. More (the late husband of Defendant Elsia More) was alive he would tell Plaintiff what the specials should be, after Mr. More passed away no changes were made in the menu. Castillo Alonso Depo. P.14-15, L.25-9. Plaintiff never recommended any menu items. Juan Romero P.41, L.24-25. Plaintiff Romero was not in charge of fixing the prices. Maria

7

Dobau P89, L.15-17. Even when Plaintiff was requesting purchases for the kitchen he was under strict oversight of management, specifically Mr. More (when he was alive) and Maria Eugenia. Castillo Alonso Depo. P.16, L.8-11.  Plaintiff was the kitchen chef and was the person in charge of doing the shopping, although Mr. More ordered him what to purchase. Jorge Portillo Depo. P.21, L15-17; Salvatore Gonzalez Depo. P.11, L.15-21. Mr. More kept an accounting of everything he bought. Jorge Portillo Depo. P.34, L.4-6. The primary responsibility of Plaintiff was cooking and preparing the orders, he never interviewed anybody for a job and never set the pay rate of any employee. Castillo Alonso Depo. P.22, L.1-8; Salvatore Gonzalez Depo. P.14, L.17-20. Plaintiff Romero was not responsible for assigning other people in the kitchen work. Salvatore Gonzalez Depo. P.26, L.1-3. The only supervisors in the restaurant when Mr. More was alive were Juan Pablo Silva and Alejandro Castillo Alonso, and after Mr. More passed they added Jenny Gonzalez. Castillo Alonso Depo. P.23, L.6-18. When Mr. More passed management decided to change the manner in which employees recorded their time, and Plaintiff Romero was not involved in that management decision. Castillo Alonso Depo. P.32, L.7-13. In fact, Mr. More supervised Plaintiff Romero and after his death Alex Castillo took over his responsibilities. Castillo Alonso Depo. P.32, L.19-21.  The only person who could hire or fire people in the kitchen was Jose More. Salvatore Gonzalez Depo. P.18, L.10-13; Jorge Portillo Depo. P.29, L.24-25; Juan Romero P.41, 18-23.

After Mr. More passed, the authority to hire and fire passed to the managers, and Plaintiff was not a manager. Castillo Alonso Depo. P.15, L.13-15. Plaintiff did not hire or fire people. Salvatore Gonzalez Depo. P.11, L.22-23. Plaintiff had no authority to promote employees. Salvatore Gonzalez Depo. P.24, L.14-17. Plaintiff was not involved in managing the restaurant. Jorge Portillo Depo. P.26, L.12-14; Salvatore Gonzalez Depo. P.15, L.2-4.  He did not interview

anybody, train anybody, and was not responsible for disciplining anybody. Jorge Portillo Depo. P.26-27, L.23-10; Salvatore Gonzalez Depo. P.14, L.7-11. He was not involved in accounting work, advertising, marketing, personnel management, employee benefits. insurance or purchasing equipment. Jorge Portillo Depo. P.32-33, L.22-16; Salvatore Gonzalez Depo. P.20, L.1-12. Moreover, Alex (Castillo) told the people in the kitchen what to do and gave them their assignments. Jorge Portillo Depo. P.41, L.15-17. Plaintiff Romero never gave Jorge Portillo, the replacement chef, any instructions as to how to do his job. Jorge Portillo Depo. P.42, L.3-5.

WHEREFORE, THE PLAINTIFFS REQUEST THE COURT GRANT PARTIAL SUMMARY JUDGMENT, AND FIND THAT: (1) LIABILITY HAS BEEN ESTABLISHED; (2) PLAINTIFF WAS AN EMPLOYEE OF THE INDIVIDUAL DEFENDANT ELSIA SUAREZ MORE AND THEREFORE SHE WILL BE INDIVIDUALLY LIABLE (JOINTLY AND SEVERALLY WITH THE CORPORATE DEFENDANT) IF PLAINTIFF PREVAILS AGAINST THE CORPORATE DEFENDANT; AND (3) PLAINTIFF WAS NOT EXEMPT UNDER THE EXECUTIVE OR ADMINISTRATIVE EXEMPTIONS.

**Respectfully submitted,**

**NATALIE STAROSCHAK, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: NSTAR.ZIDELLPA@GMAIL.COM**
**F.B.N. 116745**

BY:___/s/___Natalie Staroschak_____
     **NATALIE STAROSCHAK, ESQ.**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 8/27/19 TO:**

**ALL CM/ECF RECIPIENTS**

**STANLEY KISZKIEL, ESQ.**
**STANLEY KISZKIEL, P.A.**
**9000 SHERIDAN STREET, SUITE 100, PMB 1**
**PEMBROKE PINES, FL 33024**
**954-862-2288**
**EMAIL: SKLAW@KISZKIELLAW.COM**

**BY:    /s/    Natalie Staroschak**
       **NATALIE STAROSCHAK, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-25319-CIV-CMA

JUAN H. ROMERO, and all others similarly )
situated under 29 U.S.C. 216(b), )
               )
    Plaintiff, )
vs. )
               )
LATIN GROUP, INC. d/b/a LATIN CAFE, )
ELISIA SUAREZ MORE, )
               )
    Defendants. )
_____ )

## ORDER GRANTING PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT

  This cause, having come before the Court on Plaintiff's above-described motion, and the Court being duly advised in the premises, it is ORDERED, ADJUDGED and DECREED that said motion is granted and therefore:

  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT IS HEREBY GRANTED IN ITS ENTIRETY.

  DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2019.

                   _____
                   CEC ILIA M. ALTONAGA
                   UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record.